IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| **RICHARD J. SHEFF,** *Plaintiff*, vs. **JEFFERDS CORPORATION d/b/a HOMESTEAD MATERIALS HANDLING COMPANY,** *et al.*, *Defendants.* | Civil Action No.: 7:23cv00307 Hon. **NOTICE OF REMOVAL** *Document Filed Electronically* |

**COMES NOW** Defendant Crown Equipment Corporation ("Removing Defendant Crown"), by and through its undersigned counsel, appearing specially as to preserve any and all defenses available under the Federal Rules of Civil Procedure and the Rules of the Supreme Court of Virginia, and hereby gives notice of the removal of this action from the Circuit Court for the City of Roanoke, Virginia, Case No. CL23001010-00, to the United States District Court for the Western District of Virginia, Roanoke Division, pursuant to 28 U.S.C. §§ 1441 and 1446, and in accordance with 28 U.S.C. § 1332, on the following grounds:

1. On or about May 11, 2023, Plaintiff Richard J. Sheff ("Plaintiff") commenced this action by filing a Complaint ("Complaint") in the Circuit Court for the City of Roanoke, Virginia, Case No. CL23001010-00. A true and accurate copy of Plaintiff's Complaint is attached hereto as **Exhibit A**.

2. Plaintiff's suit arises out of a workplace accident that occurred while Plaintiff was operating a Crown PE 4500-80 pallet jack manufactured by Removing Defendant Crown in an

Uttermost Company facility located in Franklin County, Virginia on May 13, 2021. Plaintiff asserts negligence and breach of warranty claims against Removing Defendant Crown. *Id*.

3. Plaintiff also asserts negligence and breach of warranty claims against Jefferds Corporation d/b/a Homestead Materials Handling Company ("Homestead") and C&B Material Handling, LLC. *Id*.

4. Further, Plaintiff asserts a claim of negligence against Thomas Hutchens. *Id*. As explained below, co-Defendant Mr. Hutchens has been fraudulently joined as a Defendant in this matter. Mr. Hutchens was allegedly a Service Technician for Homestead at the time of the subject incident. *Id*. at ¶ 8. Nowhere in Plaintiff's Complaint does he allege specific negligent acts performed by Mr. Hutchens and, therefore, there is no viable possibility that Plaintiff can establish his cause of action against Mr. Hutchens.

I. **JURISDICTIONAL BASIS FOR REMOVAL.**

   A. **The Court Has Diversity Jurisdiction Under 28 U.S.C. § 1332.**

5. 28 U.S.C. § 1332 gives the United States District Court jurisdiction over this action because it is between citizens of different states and the amount in controversy is greater than $75,000, exclusive of interest and costs. Thus, this action could have originally been filed in this Court.

   i. Diversity of Citizenship.

6. Plaintiff lived and worked at all relevant times in Franklin County, Virginia. *See* Compl. (Ex. A) at ¶ 1. Therefore, Plaintiff is a citizen of Virginia. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) ("In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State."). *See also Johnson v. Advance Am.*, 549 F.3d 932 (4th Cir. 2008)

(stating that establishing domicile in a state requires both physical presence and an intention to make that state a home.).

7. Removing Defendant Crown is a citizen of Ohio, as it is incorporated and has its principal place of business there. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."). True and accurate copies of the Articles of Incorporation of Crown Controls Company, Inc., filed with the office of the Secretary of State of Ohio on March 17, 1947, as well as the as-filed April 18, 1988 Certificate of Amended Articles of Incorporation, changing the name of Removing Defendant Crown from Crown Controls Company, Inc. to Crown Equipment Corporation, are attached hereto as **Exhibits B** and **C**, respectively.

8. Jefferds Corporation d/b/a Homestead Materials Handling Company is, and at all relevant times has been, a West Virginia corporation with its principal office address at 2070 Winfield Road, Saint Albans, West Virginia. *See* Compl. (Ex. A) at ¶ 2. Therefore, Homestead is a citizen of West Virginia. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.").

9. C&B Material Handling, LLC is a South Dakota limited liability company, which has its principal place of business at 101 S. Reid St., Suite 204, Sioux Falls, South Dakota 57103. *Id*. at ¶ 7. Upon information and belief, the sole member of C&B Material Handling, LLC is C&B Operations, LLC, which is a Minnesota limited liability company with its principal place of business in Bloomington, Minnesota. *See* **Exhibit D**, C&B Operations, LLC's 2023 Annual Report. Therefore, C&B Material Handling, LLC is a citizen of South Dakota and Minnesota. *See Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004) (for purposes

of diversity jurisdiction, a limited liability company is assigned the citizenship of all of its members).

10. Thomas Hutchens is a fraudulently joined Defendant and should be dismissed. *See*, *infra*, I.B. His citizenship therefore must be disregarded by the Court. *See* 28 U.S.C. §§ 1441(b)(1).

11. As Plaintiff is a citizen of Virginia, Removing Defendant Crown is a citizen of Ohio, Homestead is a citizen of West Virginia, and C&B Material Handling, LLC is a citizen of South Dakota and Minnesota, complete diversity exists between the remaining parties.

   ii. <u>Amount in Controversy.</u>

12. Plaintiff alleges that he is seeking damages for a "gruesome, open lower leg injury." *See* Compl. (Ex. A) at ¶ 33.

13. Plaintiff also alleges that he "sustained severe and permanent personal injuries, pain and suffering, mental anguish and emotional distress, permanent physical impairment and disability, lost income and loss of earning capacity, all of which will continue in the future, and [Plaintiff] has undergone extensive medical treatment and incurred medical expense to treat his injuries." *Id*. at ¶¶ 43 and 48.

14. Specifically, Plaintiff requests judgment against the Defendants in the amount of Three Million and 00/100 Dollars ($3,000,000.00). *Id.* at WHEREFORE paragraph after ¶ 48.

15. Given the injuries pled in Plaintiff's Compliant and Plaintiff's ad damnum, it is apparent from the face of the pleading that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest, fees, and costs.

**B.    Fraudulent Joinder.**

16.    Plaintiff named Thomas Hutchens as a Defendant, who allegedly resides and is domiciled in Patrick County, Virginia, in an improper attempt to avoid federal diversity jurisdiction. *Id*. at ¶ 8.

17.    Mr. Hutchens was allegedly a service technician for Homestead at the time of the subject incident. *Id*.

18.    Plaintiff asserts a claim of negligence against Mr. Hutchens. *Id*. at Count I. Plaintiff's Complaint, however, alleges no specific acts of wrongdoing by Mr. Hutchens. Plaintiff's Complaint alleges that: (1) "Homestead and Hutchens improperly maintained, serviced, and/or repaired the Rider Pallet Jack prior to Sheff's May 13, 2021 workplace accident"; (2) "[a]t all relevant times, the Rider Pallet Jack was maintained by Homestead, its agents and/or employees, including, but not limited to, Hutchens, pursuant to a service agreement between Homestead and Uttermost"; and (3) "[a]t all relevant times, Homestead's agents and/or employees, including, but not limited to, Hutchens, acted within the course and scope of their employment with Homestead." Compl. (Ex. A) at ¶ 38, 24, and 20.

19.    Nowhere in the Complaint does it allege specific negligent acts performed by Mr. Hutchens.

20.    Notably, Plaintiff does not name any of the other allegedly negligent Homestead agents and/or employees mentioned in his Complaint as parties to this action. *Id*. at ¶ 19-21, 23, 24, 27, 28, 35.

21.    "To show fraudulent joinder, the removing party must demonstrate either outright fraud in the plaintiff's pleading of jurisdictional facts or that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state

court." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (internal punctuation and citation omitted).

22. Removing Defendant Crown does not allege that Plaintiff misrepresented jurisdictional facts or committed fraud in submitting his Complaint.

23. But, there is no viable possibility that Plaintiff can establish his cause of action against Mr. Hutchens. Fatal to his claim against Mr. Hutchens, Plaintiff alleges that "neither Hutchens nor any other agent or employee of Homestead performed planned/preventative maintenance on the Rider Pallet Jack between January 15, 2020 and Sheff's [May 13, 2021] industrial accident" and that is what caused the subject incident. Compl. (Ex. A) at ¶ 27.

24. Virginia law is clear regarding the question of whether an employee owes a duty to a third person by denominating the employee's alleged act as one of misfeasance or nonfeasance. An employee may be liable for his own misfeasance (i.e., performance of an affirmative act done improperly), but not for his own nonfeasance (i.e., omission to do some act which ought to be performed). Compare, *Miller v. Quarles*, 242 Va. 343 (Va. 1991) (in action against employee of loan broker to recover for negligently procuring loan, employee has tort liability for injuries to third person resulting from misfeasance while acting within scope of employment) with *Turner v. Carneal*, 156 Va. 889 (Va. 1931) (in action by prospective tenant against rental agent for damages, plaintiff must show some positive act of negligence on the part of rental agent).

25. Here, Plaintiff alleges only that Mr. Hutchens failed to act, not that Mr. Hutchens affirmatively acted to create a dangerous condition in any way. The Complaint does not even allege that Hutchens serviced/maintained the subject pallet jack for 14 months prior to the accident. Compl. (Ex. A) at ¶ 27-28. Because the Complaint alleges Mr. Hutchens failed to act,

and does not allege any affirmative acts, no possibility exists that Plaintiff could establish a cause of action against Mr. Hutchens in state court. *See Cortez v. Krispy Kreme Doughnut Corp.*, 2015 U.S. Dist. LEXIS 139381 at *9-10 (E.D. Va. Oct. 13, 2015).

26. Plaintiff was not even hired by Uttermost until 2021. *Id.* at ¶ 29. Plaintiff cannot show that Mr. Hutchens owed any duty to Plaintiff or that Mr. Hutchens breached any purported duty owed when allegedly Mr. Hutchens had not serviced or maintained the subject pallet jack at Uttermost for the 14 months prior to Plaintiff's hire. *Tingler v. Graystone Homes, Inc.*, 1996 298 Va. 63, 79 (Va. 2019) ("In Virginia, "[t]he question of liability for negligence cannot arise at all until it is established that the man who has been negligent owed some duty to the person who seeks to make him liable for his negligence.") (quoting *Dudley v. Offender Aid & Restoration of Richmond, Inc.,* 241 Va. 270, 277 (Va. 1991)).

**II.    Procedural Requirements for Removal.**

27. Removing Defendant Crown was served with the Summons and Plaintiff's Complaint on May 17, 2023. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

28. Upon information and belief, all parties have been served with the Summons and Complaint prior to this filing.

29. This action is being removed "to the district court of the United States for the district and division embracing the place where such action is pending" under 28 U.S.C. § 1441(a). The United States District Court for the Western District of Virginia embraces Roanoke County, Virginia. *See* 28 U.S.C. § 127(b).

30. While no previous application has been made for the relief requested in this action, the Removing Defendant Crown previously removed a functionally identical complaint

on a similar basis as referenced herein in Civil Action No. 7:23-cv-0025 for the Western District of Virginia, Roanoke Division. Plaintiff voluntarily dismissed the previous action *without prejudice* on May 8, 2023.

31. Removing Defendant is filing written notice of this removal with the Roanoke City Circuit Court, Virginia, as required by 28 U.S.C. § 1446(d). A true and accurate copy of Removing Defendant Crown's Notice of Filing of Notice of Removal is attached hereto as **Exhibit E**.

32. Under 28 U.S.C. § 1446(d), Plaintiff is being served with copies of Removing Defendant Crown's Notice of Filing of Notice of Removal and this Notice of Removal.

33. Copies of the "process, pleadings and orders" served on Removing Defendant Crown are attached as **Exhibit F**. *See* 28 U.S.C. § 1446.

34. Jefferds Corporation d/b/a Homestead Materials Handling Company, C&B Material Handling, LLC, and Thomas Hutchens[1] consent to this removal.

35. No admission of fact, law, or liability is intended by the filing of this Notice of Removal, and all defenses, motions, and pleas are expressly preserved.

**WHEREFORE,** the action filed in the Roanoke City Circuit Court, Virginia is removed to this Court. No further proceedings shall be had in the Roanoke City Circuit Court, Virginia. Should any question arise as to this removal, Removing Defendant Crown respectfully requests an opportunity to provide briefing and oral argument as to why removal is proper.

---

[1] Removing Defendant Crown continues to believe and argues herein that Mr. Hutchens is fraudulently joined as a Defendant in this matter, his citizenship shall be disregarded for the purposes of this filing, and he should be dismissed.

Dated: May 25, 2023
    Roanoke, Virginia

By:    /s/ *Joseph A. Piasta, Esq.*
Joseph A. Piasta, Esq.  (VSB No. 80801)
JOHNSON, AYERS & MATTHEWS, P.L.C.
310 First Street, SW
Suite 700
Roanoke, VA  24011
Phone: (540)-767-2071
Fax: (540)-982-1552

Thomas J. Cullen, Jr., Esq. (*pro hac vice* to be filed)
Ryan M. Cullen, Esq. (*pro hac vice* to be filed)
Nelson Mullins Riley & Scarborough LLP
One Nashville Place, Suite 1100
150 Fourth Avenue North
Nashville, TN  37219
Phone: (615)-664-5320
Fax: (615)-664-5399

*Attorneys for Defendant Crown Equipment Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies the foregoing Notice of Removal was electronically filed using the CM/ECF System and that a true and correct copy of the foregoing Notice of Removal was sent via U. S. Mail and electronic mail to the following, this 25th day of May, 2023:

Matthew W. Broughton
Evans G. Edwards
GENTRY LOCKE
P.O. Box 40013
Roanoke, Virginia  24022-0013
broughton@gentrylocke.com
edwards@gentrylocke.com
*Counsel for Plaintiff*

Stephanie G. Cook
Kalbaugh Pfund & Messersmith, P.C.
2849 Electric Rd. #111
Roanoke, Virginia 24018
stephanie.cook@ kpmlaw.com
*Counsel for Defendants Jefferds Corporation d/b/a Homestead Materials Handling Company, Thomas Hutchens, and C&B Material Handling, LLC*

                                              */s/ Joseph A. Piasta*

4821-7830-8565, v. 1