**VIRGINIA:**                                                                          7:23cv307

## IN THE CITY OF ROANOKE CIRCUIT COURT

RICHARD J. SHEFF, )
)
       Plaintiff, )
)
v. )
)
JEFFERDS CORPORATION d/b/a )
HOMESTEAD MATERIALS HANDLING )
COMPANY, )
)
C&B MATERIAL HANDLING, LLC, )    Case No. CL 23-1010
)
THOMAS HUTCHENS, )
)
and )
)
CROWN EQUIPMENT CORPORATION, )
)
       Defendants. )
)

### COMPLAINT

COMES NOW Richard J. Sheff, by counsel, and files his Complaint against the defendants Jefferds Corporation d/b/a Homestead Materials Handling Company, C & B Material Handling, LLC, Thomas Hutchens, and Crown Equipment Corporation (collectively, "Defendants"). Mr. Sheff states as follows in support thereof:

#### Parties

1. Plaintiff Richard J. Sheff ("Plaintiff" or "Sheff") is, and at all relevant times has been, a resident of Franklin County, Virginia, and a citizen of the Commonwealth of Virginia.

Filed in the Clerk's Office this __11th__ day of __May__ 20__23__

| | | | | |
|---|---|---|---|---|
| Writ Tax | $ 25.00 | 206 Fee | $ —  | 229  2.00 |
| Fee | 290.00 | 426 Fee | 5.00 | |
| Ub Fee | 4.00 | Teste: | | |
| 123 Fee | 9.00 | BRENDA S. HAMILTON, CLERK | | |
| 106 Fee | 5.00 | | | |
| 170 Fee | 10.00 | _Matthew Smith_ DC | | |
| 147 Fee | 1.00 | | | |
| Total Paid | $ 351.00 | | | |

2. Defendant Jefferds Corporation d/b/a Homestead Materials Handling Company is, and at all relevant times has been, a West Virginia corporation with its principal office address at 2070 Winfield Road, Saint Albans, West Virginia.

3. Defendant Jefferds Corporation ("Jefferds") is registered to transact business in the Commonwealth of Virginia. Jefferds' registered agent is Richard C. Maxwell, whose registered office address is 10 S. Jefferson St., Ste. 1400, P.O. Box 14125, Roanoke, VA 24038-4125, located in the City of Roanoke, Virginia.

4. Pertinent to this case, Jefferds has, at all relevant times, transacted business in the Commonwealth of Virginia as Homestead Materials Handling Company. Upon information and belief, at all relevant times, Homestead Materials Handling Company ("Homestead") has been registered with the State Corporation Commission as a fictitious name for Jefferds in the Commonwealth of Virginia.

5. Upon information and belief, Homestead operates multiple locations throughout the Commonwealth of Virginia, including a facility at 3218 Salem Turnpike N.W., Roanoke, VA 24017, located in the City of Roanoke, Virginia.

6. At all relevant times, Homestead has regularly conducted substantial business activity in the City of Roanoke at and/or out of its facility at 3218 Salem Turnpike, N.W..

7. Defendant C & B Material Handling, LLC, is a South Dakota limited liability company, which is registered to transact business in the Commonwealth of Virginia. C & B Material Handling, LLC's principal office address is at 101 S. Reid St., Ste. 204, Sioux Falls, South Dakota 57103-7062. Upon information and belief, in or about December 2022, defendant C & B Material Handling, LLC acquired Jefferds d/b/a Homestead.

8. Upon information and belief, Defendant Thomas Hutchens ("Hutchens") was, at all relevant times, employed as a service technician by Jefferds d/b/a Homestead at Homestead's Roanoke office. Upon further information and belief, Hutchens is a resident of Patrick County, Virginia, and a citizen of the Commonwealth of Virginia.

9. Defendant Crown Equipment Corporation is an Ohio corporation with its principal office address at 44 S. Washington St., New Bremen, Ohio 45869.

10. Upon information and belief, at all relevant times, Crown has been registered to transact business in the Commonwealth of Virginia.

11. Venue for this action in Roanoke City Circuit Court is proper pursuant to Va. Code § 8.01-262(2) and (3).

## Facts

### I. Sale of the Rider Pallet Jack to Uttermost and Servicing of the Machine Prior to Sheff's Industrial Accident.

12. Paragraphs 1 through 11 are incorporated herein by reference.

13. At all relevant times, Crown has been engaged in the business of designing, manufacturing, assembling, and/or selling forklifts and pallet jacks, including rider pallet jacks, for use in industrial, manufacturing, and warehouse operations.

14. Upon information and belief, Jefferds d/b/a Homestead—specifically Homestead's Roanoke office—was Crown's dealer, distributor and/or wholesaler for the sale of the Rider Pallet Jack (as hereinafter defined) to the Uttermost Company, 3325 Grassy Hill Rd., Rocky Mount, VA 24151 ("Uttermost").

15. At all relevant times, Uttermost has been engaged in the business of manufacturing furniture, mirrors, and other household furnishings.

16. Consequently, at all relevant times, Uttermost has been engaged in a different business, trade or occupation than the corporate defendants named herein.

17. Upon information and belief, at all relevant times, Homestead—specifically Homestead's Roanoke office—had an exclusive agreement with Uttermost to make routine visits to the facility for planned/preventive maintenance and service of Uttermost's forklifts, rider jacks, and other material handling equipment, and to address parts and service needs for such equipment.

18. Upon information and belief, at all relevant times, Hutchens was the Homestead service technician assigned to the maintenance and service of the Uttermost material handling equipment, including, but not limited to, the Rider Pallet Jack.

19. At all relevant times, Homestead acted through its agents and/or employees, including, but not limited to, Hutchens.

20. At all relevant times, Homestead's agents and/or employees, including, but not limited to, Hutchens, acted within the course and scope of their employment with Homestead.

21. At all relevant times, the acts and omissions of Homestead's agents and/or employees, including, but not limited to, Hutchens, were the acts and omissions of Homestead.

22. In 2018, Crown and/or Homestead designed, manufactured, assembled, sold, delivered, and/or placed into service a Crown PE 4500-80 Rider Pallet Jack,

serial #10103358 ("the Rider Pallet Jack"), to and for Uttermost in Franklin County, Virginia.

23. Between 2018 and May 2021, Homestead (in particular, Homestead service technician Hutchens) was intimately familiar with the business and needs of Uttermost, having spent significant time in the Uttermost facility in Franklin County observing operations and maintaining its material handling equipment, including the Rider Pallet Jack.

24. At all relevant times, the Rider Pallet Jack was maintained by Homestead, its agents and/or employees, including, but not limited to, Hutchens, pursuant to a service agreement between Homestead and Uttermost.

25. The service agreement required, among other things, that Homestead perform planned/preventive maintenance on the Rider Pallet Jack quarterly (four times per year).

26. Throughout the period between January 15, 2020 and Sheff's May 13, 2021 industrial accident, Hutchens was frequently at the Uttermost facility servicing Uttermost's material handling equipment in the course and scope of his employment with Homestead.

27. Upon information and belief, and despite his job assignment, neither Hutchens nor any other agent or employee of Homestead performed planned/preventive maintenance on the Rider Pallet Jack between January 15, 2020 and Sheff's industrial accident.

28. To the extent Hutchens or any other agent or employee of Homestead inspected, maintained, or serviced the Rider Pallet Jack at all between January 15, 2020 and Sheff's industrial accident, they failed to ensure that the Rider Pallet Jack's

motor head bolts were properly secured, had not begun to back out, and would not interfere with the safe operation of the machine.

## II. Sheff's Industrial Accident When the Rider Pallet Jack's Steering "Locked Up."

29. In 2021, Sheff was hired by Uttermost in Franklin County, Virginia.

30. On May 13, 2021, as part of his job duties at Uttermost, Sheff was operating the Rider Pallet Jack.

31. When Sheff made a right hand turn into an aisle in Uttermost's warehouse, the Rider Pallet Jack steering suddenly became stuck ("locked up") in the right turn position and Sheff was unable to move the steering from that position.

32. The malfunctioning Rider Pallet Jack slammed the left side of the machine into the warehouse's metal rack assembly.

33. Sheff's left leg was crushed between the Rider Pallet Jack and the rack assembly, resulting in a gruesome, open lower leg injury.

34. Investigation of the accident that took place on May 13, 2021, found that the Rider Pallet Jack's steering had locked in the right turn position.

35. Investigation of the accident on May 13, 2021 by Homestead's Hutchens and Terry Akers, accompanied by Uttermost personnel, further revealed that one or motor head bolts had partially backed out of the Rider Pallet Jack's motor interfering with the machine's steering.

36. A photograph of the partially backed out motor head bolt (as denoted by a red arrow) taken during the May 13, 2021 investigation of the accident is on the following page:

GENTRY LOCKE
Attorneys
ROANOKE, VIRGINIA

21736/1/11148442v1

6



37. The Rider Pallet Jack was unreasonably dangerous as designed, manufactured, assembled, distributed, and/or sold by Crown and Homestead.

38. Homestead and Hutchens improperly maintained, serviced, and/or repaired the Rider Pallet Jack prior to Sheff's May 13, 2021 workplace accident.

### Count I – Negligence
### (All Defendants)

39. Paragraphs 1 through 38 are incorporated herein by reference.

40. For the reasons set forth in paragraphs 22-38, at all times relevant to this action, the Rider Pallet Jack was unreasonably dangerous.

GENTRY LOCKE
Attorneys
ROANOKE, VIRGINIA

7

21736/1/11148442v1

41. At all times and places relevant to this action, Defendants owed to Sheff and other reasonably foreseeable users of the Rider Pallet Jack a duty (a) not to place an unreasonably dangerous product into the stream of commerce; (b) not to distribute, sell, or place into service a defective Rider Pallet Jack; (c) to adequately and safely design, manufacture, and assemble the Rider Pallet Jack; (d) to properly maintain and service the Rider Pallet Jack; (e) to anticipate uses, modifications, and/or industrial conditions which would create risks to operators of the Rider Pallet Jack; and (f) to warn of such risks to operators of the Rider Pallet Jack, including the risk of motor head bolt(s) backing out and interfering with the safe operation of the Rider Pallet Jack.

42. Defendants failed to perform and breached the foregoing duties.

43. As a direct and proximate result of Defendants' breaches of the foregoing duties, Sheff has sustained severe and permanent personal injuries, pain and suffering, mental anguish and emotional distress, permanent physical impairment and disability, lost income and loss of earning capacity, all of which will continue in the future, and Sheff has undergone extensive medical treatment and incurred medical expenses to treat his injuries.

### Count II – Breach of Warranty
### (Defendants Crown Equipment Corporation, Jefferds Corporation d/b/a Homestead Materials Handling Company, and C&B Material Handling, LLC)

44. Paragraphs 1 through 38 are incorporated herein by reference.

45. Defendants Crown and Homestead expressly and/or impliedly warranted that the Rider Pallet Jack was of merchantable quality and fit for its intended and

GENTRY LOCKE
Attorneys
ROANOKE, VIRGINIA

21736/1/11148442v1

ordinary uses and for the general and particular uses for which it was designed, manufactured, assembled, marketed, distributed, sold, and placed into service.

46. For the reasons set forth in paragraphs 22-38, at all relevant times, the Rider Pallet Jack was unreasonably dangerous for its intended and ordinary uses and for the general and particular uses for which it was designed, manufactured, assembled, marketed, distributed, sold, and placed into service.

47. The Rider Pallet Jack did not conform to Crown and Homestead's warranties in that they placed an unreasonably dangerous product into the stream of commerce and did not (a) adequately and safely design, manufacture, assemble, distribute, and/or place into service the Rider Pallet Jack; (b) anticipate uses, modifications, and/or industrial conditions which would create risks to operators of the Rider Pallet Jack; and/or (c) warn of such risks to operators of the Rider Pallet Jack, including the risk of motor head bolt(s) backing out and interfering with the safe operation of the Rider Pallet Jack.

48. As a direct and proximate result of Crown and Homestead's warranty breaches, Sheff has sustained severe and permanent personal injuries, pain and suffering, mental anguish and emotional distress, permanent physical impairment and disability, lost income and loss of earning capacity, all of which will continue in the future, and Sheff has undergone extensive medical treatment and incurred medical expenses to treat his injuries.

WHEREFORE, Richard J. Sheff, by counsel, requests judgment against the Defendants, jointly and severally, in the amount of THREE MILLION DOLLARS ($3,000,000.00) in compensatory damages, pre- and post-judgment interest thereon, an

award of his costs incurred, and such other and further relief as the Court deems just and proper.

    A TRIAL BY JURY IS DEMANDED.

                              RICHARD J. SHEFF

                              By: _____
                                              Of Counsel

Matthew W. Broughton (VSB No. 25226)
Evans G. Edwards (VSB No. 79588)
GENTRY LOCKE
P.O. Box 40013
Roanoke, Virginia 24022-0013
Phone: (540) 983-9300
Fax:    (540) 983-9400
broughton@gentrylocke.com
edwards@gentrylocke.com
*Counsel for Plaintiff*

10

21736/1/11148442v1